**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

```
KELVIN PHILLIP BROWN (#299104),  *
                                 *
     Plaintiff,                  *
                                 *
vs.                              *  CIVIL ACTION NO. 21-00147-KD-B
                                 *
CORPORAL MILLER,                 *
et al.,                          *
                                 *
     Defendants.
```

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 73, is before the Court on review.  For the reasons set forth below, it is **RECOMMENDED** that the claims of Plaintiff, Kelvin Phillip Brown, be **DISMISSED** without prejudice for failure to prosecute and obey the Court's orders.

### I. BACKGROUND

On March 25, 2021, Plaintiff, Kelvin Phillip Brown, filed a pro se complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). At the time that Brown filed his complaint, he was incarcerated at the Mobile County Metro Jail.  (Id.).  In an order dated April 8, 2021, the Court observed that Brown did not pay the statutory filing fee of $350.00,[1] nor did he file a motion to proceed without

_____

[1] A filing fee of $350.00 for a non-habeas civil action is imposed by 28 U.S.C. § 1914(a).  As of December 1, 2020, a $52.00

the prepayment of fees when he filed his complaint. (Doc. 2). The Court directed Brown to file a conforming motion to proceed without prepayment of fees by May 10, 2021, or in lieu thereof, to pay the $350.00 statutory filing fee by that date. (Id.). Brown was cautioned that failure to comply with the Court's order within the prescribed time or to advise the Court of a change in address would result in the dismissal of this action without prejudice for failure to prosecute and to obey the Court's Order. Brown did not respond to the Court's order, nor did he pay the requisite filing fee or file a motion for leave to proceed without prepayment of fees, as instructed.

In an order dated May 17, 2021, the Court noted that a review of the Alabama Department of Corrections website revealed that Brown had been had transferred to St. Clair Correctional Facility; however, Brown failed to advise the Court of the change in his address. Notwithstanding the foregoing, the Court extended the time for Brown to respond to the Court's order dated April 8, 2021, and again instructed him to file a motion to proceed without prepayment of fees by June 14, 2021, or in lieu thereof, to pay the $350.00 statutory filing fee by that date. Brown was also

administrative fee is also imposed, except in habeas cases and in cases brought by persons who are permitted to proceed *in forma pauperis*. 28 U.S.C. § 1914, Jud. Conf. Schedule of Fees, No. 14. See Jones v. Mack, 2019 WL 1811056, at *5 (S.D. Ala. Apr. 3, 2019), *report and recommendation adopted*, 2019 WL 1810995 (S.D. Ala. Apr. 24, 2019).

again cautioned that failure to comply with the Court's orders within the prescribed time or to advise the Court of a change in address would result in the dismissal of this action without prejudice for failure to prosecute and to obey the Court's orders. (Doc. 3).

To date, the Court has received no response from Brown. Brown has not paid the required filing fee; he has not filed a motion to proceed without prepayment of fees; and he has not requested an extension of time within which to comply with the Court's orders. Furthermore, the orders have not been returned to the Court as undeliverable, nor is there any other indication that the orders were not delivered to Brown.[2]

## II. DISCUSSION

"District courts possess inherent power to sanction errant litigants before them[,]" including the power to dismiss an action for failure to prosecute. <u>Bolar v. Southern Intermodal Express</u>, 2018 U.S. Dist. LEXIS 158788, *5, 2018 WL 5116539, *2 (S.D. Ala. Sept. 17, 2018), *report and recommendation adopted sub nom.,* 2018 U.S. Dist. LEXIS 179588, *2, 2018 WL 5116093 (S.D. Ala. Oct. 19, 2018) (quoting <u>Hudson v. Cardwell Corp.</u>, 2006 WL 2135791, *1, 2006 U.S. Dist. LEXIS 55306 at *3 (S.D. Ala. July 27, 2006)). While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally

---

[2] The Alabama Department of Corrections website indicates that Brown is still incarcerated at the St. Clair Correctional Facility.

3

construed[,]" <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., <u>Brown v. Tallahassee Police Dep't</u>, 205 Fed. Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.). Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., <u>State Exchange Bank v. Hartline</u>, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." <u>Id.</u>; <u>see</u> <u>also</u> <u>Zocaras v. Castro</u>, 465 F.3d 479, 483 (11th Cir. 2006) ("[A] court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."); <u>Smith v. HSBC Bank USA, Nat'l Ass'n</u>, 679 Fed. Appx. 876, 879 (11th Cir. 2017)("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.") (citation omitted).

In the instant action, the Court has afforded Brown multiple opportunities over three months to pay the requisite filing fee or file a motion to proceed without prepayment of fees, and he has failed to do so. The Court made it clear in its orders dated April 8, 2021, and May 17, 2021, that failure to comply with the Court's directives would result in a recommendation of dismissal of this claim. (Docs. 2, 3). Brown has filed nothing in response, and, as noted above, his copies of the orders have not been returned to the Court as undeliverable.

Accordingly, given Brown's failure to obey the Court's directives and lack of communication with the Court, it appears that he has elected to abandon this action. Upon consideration of other available alternatives, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to obey the Court's orders, as no other lesser sanction will suffice. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)(As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion); Zow v. Regions Fin. Corp., 595 Fed. Appx. 887, 889 (11th Cir. 2014) (11th Cir. 2014)(if a party disregards an order despite being warned of the possible consequences, dismissal is generally not an abuse of discretion); Tanner v. Neal, 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's §

1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); accord Kelly v. Tipton, 2015 U.S. Dist. LEXIS 24088, *3, 2015 WL 845959, *2 (S.D. Ala. Feb. 26, 2015).

## III. Conclusion

Based on the foregoing, it is **RECOMMENDED** that this action be **DISMISSED**, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with the Court's directives.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that, under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on

6

appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this the **7th** day of **July, 2021.**

/s/ SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE